UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STANLEY CICHOWSKI and
KEVIN CICHOWSKI,

    Plaintiffs,

v.

                          Case No. 3:23-cv-1181-TJC-MCR

ANDREA K. TOTTEN, small claims
judge, in official capacity, and THE
FLORIDA BAR, an organization,

    Defendants.

## O R D E R

This case is before the Court on the Defendants' Motions to Dismiss. Docs. 29, 30. Plaintiffs Stanley Cichowski and Kevin Cichowski have responded in opposition. Docs. 31, 32. Because both Defendants are immune from suit, dismissal is warranted.

Proceeding without counsel, the Cichowskis sue The Florida Bar and Judge Andrea Totten under 42 U.S.C. § 1983 in connection with a county court case involving Stanley Cichowski. Doc. 28. Construing the Amended Complaint liberally,[1] they allege that Judge Totten did not permit Kevin Cichowski to help

---

[1] A Court construes pro se pleadings liberally and applies "less stringent standards" than those applied to pleadings drafted by lawyers. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Stanley Cichowski defend the county court case and threatened Kevin Cichowski with arrest for the unlicensed practice of law. Id. ¶ 2. They argue that Rule 10-2.2 of the Rules Regulating The Florida Bar[2] is vague and violates the First and Fourteenth Amendments to the United States Constitution. Id. ¶¶ 1, 3, 6. Finally, they appear to argue that denying Kevin Cichowski permission to help Stanley Cichowski violated the Americans with Disabilities Act. Id. ¶¶ 42, 49.

Apart from challenging Judge Totten's alleged conduct and the legitimacy of Rule 10-2.2, in the Amended Complaint the Cichowskis appear to respond to arguments in the motions to dismiss the original Complaint. Doc. 28 ¶¶ 11–28; see also Docs. 7, 14 (motions to dismiss).

The Florida Bar and Judge Totten move to dismiss. Docs. 29, 30. The Florida Bar argues that as an arm of the Florida Supreme Court, it is immune from suit; it is not a person subject to § 1983; the Cichowskis allege no facts pertaining to any conduct by the Bar; and the Cichowskis lack standing to challenge Rule 10-2.2. Doc. 29 at 3–10. Judge Totten argues that no justiciable

---

[2] In Florida, practicing law without a license is a felony. § 454.23, Fla. Stat. Rule 10-2.2 clarifies that nonlawyers may assist self-represented parties in completing certain approved forms without running afoul of § 454.23. R. Regulating Fla. Bar 10-2.2(a). The assistance must be limited to oral "communications reasonably necessary to elicit factual information to complete the blanks on the form and inform the self-represented person how to file the form." Id. "The nonlawyer may not give legal advice or give advice on remedies or courses of action." Id.

2

controversy exists, the Cichowskis lack standing, Judge Totten is immune from suit, the Rooker–Feldman and Younger abstention doctrines apply, and the Cichowskis fail to state a claim on which relief can be granted. Doc. 30 at 3, 5–17. The Cichowskis dispute each argument.[3] See generally Docs. 31, 32.

The Eleventh Amendment to the United States Constitution guarantees "that nonconsenting States may not be sued by private individuals in federal court."[4] Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). "[T]he Eleventh Amendment extends to state agencies and other arms of the state," including "state courts and state bars." Kaimowitz. v. The Fla. Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) (quoting Schopler v. Bliss, 903 F.2d 1373, 1378 (11th Cir. 1990)). Under federal law, The Florida Bar is thus "entitled to absolute immunity," Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), and is immune from suit here.

A judge is immune from suit unless she acted "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 356–57 (1978) (internal quotation marks and quoted authority omitted). Judicial immunity applies even if an action "was in error, was done maliciously, or was in excess of [the judge's]

---

[3] In the interest of judicial economy, the Court does not describe the parties' arguments in detail. The Court has thoroughly considered all arguments in the motions and responses.

[4] Two exceptions exist, both inapplicable here: when a state waives immunity and when Congress has abrogated the states' immunity. See Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1512 (11th Cir. 1986).

3

authority." <u>Id.</u> at 356. Here, while presiding over a case involving Stanley Cichowski, Judge Totten allegedly refused to allow non-party Kevin Cichowski to speak for or advise Stanley Cichowski, informed him that doing so would constitute the unlicensed practice of law and thus be illegal, and threatened him with contempt of court for attempts to do so. <u>See</u> Doc. 28. Because no alleged facts suggest that she acted in the clear absence of all jurisdiction, she too is immune from suit.

Because both The Florida Bar and Judge Totten are immune from suit, the case cannot proceed. The Court need not address the parties' remaining arguments.

Accordingly, it is hereby

**ORDERED:**

1.   The Florida Bar's Motion to Dismiss, Doc. 29, is **GRANTED**.

2.   Judge Andrea Totten's Motion to Dismiss, Doc. 30, is **GRANTED**.

3.   The Amended Complaint is **DISMISSED WITH PREJUDICE**.

4.   The clerk is directed to terminate all pending deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, the 18th day of January, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

vng

Copies to:

Counsel of record

Stanley Cichowski
37 Cleveland Court
Palm Coast, FL 32137

Kevin Cichowski
37 Cleveland Court
Palm Coast, FL 32137